**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CONSTANCE J. POLLOCK,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 2:11-CV-0581** |
| | : | |
| v. | : | **JUDGE ALGENON L. MARBLEY** |
| | : | |
| **STATE FARM MUTUAL AUTOMOBILE** | : | **Magistrate Judge Terence Kemp** |
| **INSURANCE COMPANY,** | : | |
| | : | |
| **Defendant.** | : | |

**OPINION & ORDER**

**I. INTRODUCTION**

This matter is before the Court on Plaintiff's Motion to Remand ("Motion"). For the reasons set forth herein, Plaintiff's Motion is **DENIED**.

**II. BACKGROUND**

**A. Factual History**

Plaintiff, Constance Pollack, is a resident of Martins Ferry, Ohio, and Defendant, State Farm Mutual Insurance Company ("State Farm"), is a corporation organized under the laws of Illinois, with its principal place of business in Bloomington, Illinois. State Farm is authorized to sell insurance policies in Ohio.

On July 17, 2009, Pollock was riding as a passenger in a vehicle driven by her friend, Patricia Morrison. After exiting the highway, Morrison's vehicle was rear-ended by another vehicle when it was stopped because of traffic. Pollock alleges that as a direct and proximate result of the collision, she "suffered serious and permanent injuries and incurred bills for reasonable and necessary medical treatment." (Compl. ¶ 4.) Morrison had a policy with State

Farm that provided up to $100,000 in medical payment coverage, and Pollock, as a passenger in Morrison's vehicle when the accident occurred, qualified as an additional insured under that policy.

Pollock submitted a claim with State Farm for approximately $47,000, the aggregate amount under the policy she contends State Farm is obligated to reimburse her as a result of the medical attention she received.  Pollock alleges that to date, State Farm has paid only $14,372.93 and refuses, in bad faith, to pay the full amount due under the policy.  Pollock asks for "compensatory damages in an amount in excess of $25,000 as well as punitive damages in a sum in excess of $25,000, for costs incurred in pursuit of this action, for pre- and post judgment interest, for reasonable attorney fees, and such other relief as this court deems proper." (Compl.)

### B.  Procedural History

On June 30, 2011, the same day Pollock filed her complaint, State Farm filed a Notice of Removal, asking that this civil action to be removed from the Belmont County Court of Common Pleas to this Court on the basis of diversity jurisdiction, under 28 U.S.C. §§ 1441 and 1446.[1] (Doc. 1, 6.)  The issue of diversity of the parties is not contested.  The threshold issue before this Court is therefore whether the amount in controversy exceeds $75,000.  This issue has been briefed by the parties and is now ripe for review.

### III. STANDARD OF REVIEW

Removal of cases from state to federal court is governed by 28 U.S.C. § 1441(a), which provides that "any civil action brought in state court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the

---

[1] State Farm's Notice of Removal explains that it was previously served with summons and the complaint in this action on June 6, 2011, which presumably enabled State Farm to file the Notice of Removal the same day Pollock filed her complaint. (Doc. 1.)

district court of the United States . . . where such action is pending." Federal district courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a). Jurisdiction is determined at the time of removal, and subsequent events, "whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938); *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007).

A defendant who seeks to remove a case to federal court has the burden of proving that the district court possesses jurisdiction. *Williamson*, 481 F.3d at 375 (citing *Gafford v. Gen. Co.*, 997 F.2d 150, 155 (6th Cir. 1993), *overruled on other grounds by Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1191 (2010)). If a plaintiff does not set forth a specific amount of damages in excess of $75,000, a defendant need not prove to a legal certainty that the actual amount in controversy exceeds $75,000, but the defendant must show that "more likely than not," the claim exceeds the federal amount in controversy requirement. *Gafford*, 997 F.2d at 158; *White v. State Farm Fire & Casualty Co.*, No. 1:11 CV 776, 2011 WL 2470485, at *1 (N.D. Ohio June 21, 2011). Therefore, the defendant seeking removal must establish by a preponderance of the evidence that the amount in controversy is sufficient. *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006).

### IV. LAW & ANALYSIS

The thrust of Pollock's argument is that State Farm cannot satisfy its burden of proving that the amount in controversy exceeds $75,000 because the only figure in Pollock's complaint is

the amount of medical payment benefits allegedly owed by State Farm, approximately $33,000.[2] (Doc. 10, 14.) State Farm argues that Pollock is not only asking for damages in the amount of $33,000, but also compensatory and punitive damages in connection with her bad faith claim and attorneys' fees. (Doc. 13.) State Farm contends that when Pollock's claims are considered together, the amount in controversy exceeds the jurisdictional threshold of $75,000. (*Id.*)

The Sixth Circuit has stated that in determining the amount in controversy courts must "take into account the ability of [p]laintiff . . . to recover punitive damages, 'unless it is apparent to a legal certainty that [punitive damages] can not be recovered.'" *Smith v. Nationwide Prop. & Cas. Ins. Co.,* 505 F.3d 401, 408 (6th Cir. 2007) (quoting *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001)). Under Ohio law, punitive damages are not available for a breach of contract claim. *DeCastro v. Wellston City Sch. Dist. Bd. Of Ed.*, 761 N.E.2d 612, 617 (Ohio 2002). If proven, however, a bad faith claim justifies recovery of more than contractual damages arising from the insurance policy, *Grange Mut. Cas. Co. v. Rosko*, 767 N.E.2d 1225, 1236 (Ohio Ct. App. 2001), and Ohio law permits an award of compensatory and punitive damages against insurers who act in bad faith, *Dardinger v. Anthem Blue Cross & Blue Shield*, 781 N.E.2d 121, 143 (Ohio 2002). Under § 2315.21(D)(2)(a) of the Ohio Revised Code, a court may award punitive damages up to two times the amount of compensatory damages awarded. Ohio Rev. Code Ann. § 2315.21(D)(2)(a) (West Supp. 2011).

In this Circuit "[a]s a general rule, attorneys' fees are excludable in determining the amount of controversy for purposes of diversity, unless the fees are provided for by contract or

---

[2] This number is the difference between the aggregate amount Pollock contends State Farm is obligated to reimburse her as a result of medical attention received, $47,000, and the amount State Farm has paid to date, approximately $14,000.

where a statute mandates or expressly allows the payment of such fees." *Williamson*, 481 F.3d at 376. Neither party has directed this Court's attention to a contract or statute that mandates or expressly allows for attorneys' fees here. Therefore, in determining the amount in controversy, this Court will consider compensatory and punitive damages, but exclude attorneys' fees. *See Turchan v. Equity for Life, LLC*, No. 2:07-CV-0435, 2009 WL 4547670, at *3 (S.D. Ohio Dec. 1, 2009) (considering actual and punitive damages in an amount in controversy calculation, but excluding attorneys' fees, because this Circuit has determined that as a general rule, attorneys' fees are excluded unless provided for by contract, or mandated or expressly allowed by statute).

Contrary to Pollock's contention, $33,000 is not the only number that appears in her complaint.[3] (*See* Compl.) As stated above, Pollock asks this Court for "compensatory damages in an amount in excess of $25,000 as well as punitive damages in a sum in excess of $25,000, for costs incurred in pursuit of this action, for pre- and post-judgment interest, for reasonable attorney fees, and such other relief as this court deems proper." (Compl.) Pollock is not only seeking $33,000 in medical payment benefits owed, but also compensatory and/or punitive damages in connection with her bad faith claim. And under Ohio law, a court can award punitive damages in an amount up to two times the amount of compensatory damages awarded. Ohio Rev. Code Ann. § 2315.21(D)(2)(a) (West Supp. 2011). If Pollock is successful, she could receive the full amount she alleges is due to her under the insurance policy, $33,000, plus compensatory and/or punitive damages in connection with her bad faith claim—an amount which could easily exceed this Court's jurisdictional threshold. *See Turchan*, 2009 WL 4547670 at *3 (finding that the amount of controversy was met where the plaintiff alleged his damages

---

[3] The number $33,000 actually does not appear anywhere in Pollock's complaint. (Compl.) The figures $47,000 and $14,372.93 appear, from which Pollock and State Farm have computed $33,000. (Compl. ¶ 12.)

Case: 2:11-cv-00581-ALM-TPK Doc #: 18 Filed: 10/26/11 Page: 6 of 6  PAGEID #: 133

were $24,068.16, but also brought a breach of fiduciary duty claim against an insurer, making punitive damages available); *Millhon v. Unum Life Ins. Co. of Am.*, No. 20:08-cv-652, 2009 WL 2431252, at *3 (S.D. Ohio Aug. 5, 2009) ("While the $52,800 principal from the insurance policies falls short of the amount required for diversity jurisdiction, Ms. Millhon's complaint also prayed for punitive damages, attorneys' fees, court costs and other relief as determined by the Court," therefore exceeding the amount in controversy requirement of $75,000); *Pendergrass v. Time Ins. Co.*, No: 5:09-CV-00215-R, 2010 WL 989154, at *2 (W.D. Ky. Mar. 12, 2010) (holding that where a plaintiff had alleged $35,000 in unpaid medical expenses, the amount in controversy was nevertheless above the jurisdictional threshold because "punitive damages may be available where an insurer had acted in bad faith" under Kentucky law).

Thus, State Farm has demonstrated that it is "more likely than not" that the amount in controversy exceeds $75,000.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's Motion is **DENIED**.

**IT IS SO ORDERED.**

 s/ Algenon L. Marbley  
**Algenon L. Marbley**  
**United States District Judge**

**Dated: October 26, 2011**