IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CONSTANCE J. POLLOCK, | : | |
| Plaintiff, | : | |
| v. | : | Case No. 2:11-CV-581 |
| | : | JUDGE ALGENON L. MARBLEY |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | : | |
| | : | Magistrate Judge Kemp |
| Defendant. | : | |

**OPINION AND ORDER GRANTING MOTION TO BIFURCATE**

Defendant State Farm Mutual Automobile Insurance Company ("State Farm") has filed a motion to bifurcate the bad faith and punitive damages claims asserted against it from the Plaintiff's claim that certain medical bills should be paid by State Farm under an insurance policy issued to the driver of a car in which Plaintiff was riding, and which was involved in an accident. The motion is unopposed.

Because Plaintiff does not oppose the motion, which requests not only that the trial of these issues be bifurcated, but that discovery on the bad faith and punitive damages claims be deferred until after the trial on the insurance contract issue, the Court does not need to discuss the motion extensively. Although State Farm has requested bifurcation pursuant to Ohio law (Ohio Rev. Code §2315.21(A)), the case law is not uniform that this particular statute should be applied to cases pending in the United States courts because it may be a procedural rather than a substantive requirement. See, e.g., Wolkosky v. 21st Century Centennial Ins. Co., 2010 WL

2788676 (S.D. Ohio July 14, 2010). Nonetheless, as State Farm points out, bad faith claims against an insurer have been routinely tried separately from the claim for breach of the insurance contract. See Luca v. Selective Ins. Co. of South Carolina, 2010 WL 850242 (S.D. Ohio March 9, 2010). Based on the standards set forth in Fed.R.Civ.P. 42(b), this Court has little trouble concluding, in the absence of any opposition from any party, that the interests of judicial economy and efficiency favor such bifurcation, especially given the fact that a verdict in State Farm's favor on the issue of coverage would likely moot any bad faith claim, and that discovery on the bad faith claim may be extensive and perhaps unnecessary. For these reasons, the unopposed motion to bifurcate and stay (Doc. No. 16) is **GRANTED**. Should the coverage issue be resolved in favor of the Plaintiff, the parties shall contact the Magistrate Judge to establish a schedule for conducting discovery related to the issues of bad faith and punitive damages.

**IT IS SO ORDERED.**

s/ Algenon L. Marbley
**Algenon L. Marbley**
**United States District Judge**

**Dated: June 12, 2012**